UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**FILED**

Nov 05, 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN RE: CONVERGENT TELEPHONE CONSUMER
PROTECTION ACT LITIGATION                                    MDL No. 2478

**TRANSFER ORDER**

      **Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, defendant Convergent Outsourcing, Inc. (Convergent) moves to centralize this litigation in the District of Connecticut. This litigation currently consists of seven actions pending in seven district courts, as listed on Schedule A.[1] Plaintiffs in these actions each allege that Convergent violated, *inter alia*, the federal Telephone Consumer Protection Act (TCPA) by placing debt collection calls to plaintiffs' cellular telephones, without the plaintiffs' consent, using an "autodialer" or an artificial or prerecorded voice.

      Plaintiffs in the actions pending in the District of Connecticut and the Northern District of Illinois support centralization in the District of Connecticut or, alternatively, in the Northern District of Illinois. The plaintiff in the action pending in the District of Arizona does not oppose the motion.

      The plaintiff in the action pending in the Western District of Washington (*Permison*), however, opposes the motion. Permison argues that his action is not appropriate for inclusion in any multidistrict litigation because it differs from the other actions listed on Convergent's motion in that it (1) involves individual claims for damages, rather than class claims, and (2) involves additional defendants, namely Comcast Holdings Corporation (Comcast) and Thrift Financial Marketing (Thrift). Alternatively, Permison asks us to separate his claims against Comcast and Thrift from those against Convergent and remand those claims to the Western District of Washington for further proceedings.

      On the basis of the papers filed,[2] we find that these actions involve common questions of fact, and that centralization of these actions in the District of Connecticut will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that Convergent violated the TCPA by placing debt

---

      [*] Judges Marjorie O. Rendell and Sarah S. Vance took no part in the decision of this matter.

     [1] Convergent's motion included two additional actions filed in the District of Minnesota that were subsequently dismissed. Also, the parties have notified the Panel of one related action pending in the Eastern District of Michigan. This and any other related actions are potential tag-along actions. *See* Panel Rule 7.1.

     [2] The parties waived oral argument pursuant to Panel Rule 11.1(b).

-2-

collection calls to plaintiffs' cellular telephones using an automated system, without the plaintiffs' consent. Although there are relatively few parties and actions at present, efficiencies can be gained from having these actions proceed in a single district. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary. Centralization also is consistent with our prior decisions involving TCPA claims. *See, e.g.*, *In re Enhanced Recovery Co., LLC, Tel. Consumer Prot. Act Litig.*, 899 F. Supp. 2d 1382 (J.P.M.L. 2012); *In re Midland Credit Mgmt., Inc., Tel. Consumer Prot. Act Litig.*, 818 F. Supp. 2d 1377 (J.P.M.L. 2011); *In re Portfolio Recovery Assocs., LLC, Tel. Consumer Prot. Act Litig.*, 846 F. Supp. 2d 1380 (J.P.M.L. 2011).

We are not persuaded to exclude *Permison* from this multidistrict litigation. *Permison* is not the only action listed on Convergent's motion that alleges only individual claims. Like the other actions on the motion, *Permison* involves allegations that Convergent called plaintiff's cellular telephone without his permission using an automatic dialing system in violation of the TCPA. While *Permison* also involves claims against two additional defendants, the Panel has long held that the presence of unique claims is not a bar to transfer. *See In re Satyam Computer Servs., Ltd., Sec. Litig.*, 712 F. Supp. 2d 1381, 1382 (J.P.M.L. 2010).

Additionally, Permison's claims against Comcast and Thrift are intertwined with those against Convergent, as all three are alleged to have called Permison regarding the same debt. Accordingly, separating and remanding them would create the potential for duplicative discovery and inconsistent pretrial rulings. Should the transferee judge determine after close scrutiny that remand of any of the claims is appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Panel Rule 10.1.

We have selected the District of Connecticut as the transferee district for this litigation. The district is a convenient and accessible forum, and the Honorable Alvin W. Thompson is an experienced MDL judge with the willingness and ability to efficiently manage this litigation. Further, as Judge Thompson is currently presiding over the most procedurally-advanced action, he is in a particularly favorable position to structure this litigation so as to minimize delay and avoid unnecessary duplication of discovery and motion practice.

Case 3:13-cv-01609-AWT Document 9 Filed 11/05/13 Page 2 of 4

-3-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A pending outside the District of Connecticut are transferred to the District of Connecticut and, with the consent of that court, assigned to the Honorable Alvin W. Thompson for coordinated or consolidated pretrial proceedings with the action pending there.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil        Paul J. Barbadoro
Charles R. Breyer        Lewis A. Kaplan

IN RE: CONVERGENT TELEPHONE CONSUMER
PROTECTION ACT LITIGATION            MDL No. 2478

## SCHEDULE A

### District of Arizona

Cherie Laursen v. Convergent Outsourcing, Inc., C.A. No. 2:13-01199

### Eastern District of California

Demetrius Orozco v. Convergent Outsourcing, Inc., C.A. No. 2:13-00785

### District of Connecticut

Victoria Rutigliano, et al. v. Convergent Outsourcing, Inc., C.A. No. 3:12-01532

### Northern District of Illinois

Cindy Vazquez v. Convergent Outsourcing, Inc., C.A. No. 1:13-00968

### District of Maryland

Yvonne Carrington v. Convergent Outsourcing, Inc., C.A. No. 8:13-01689

### Middle District of Pennsylvania

Michael Prukala v. Convergent Resources Holdings, LLC, C.A. No. 3:13-01915

### Western District of Washington

Jack Permison v. Comcast Holdings Corporation, et al., C.A. No. 3:12-05714

I hereby attest and certify that this is a copy of a document which was electronically filed with the United States District Court for the District of Connecticut

Date Filed: 10/8/13

Robin D. Tabora, Clerk

By: _____
Deputy Clerk    Linda S. Ferguson
11/5/13